Case 4:24-cv-00078   Document 16   Filed on 04/23/24 in TXSD   Page 1 of 8

United States District Court
Southern District of Texas
**ENTERED**
April 23, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SAGE INDUSTRIES (USA), INC., | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:24-cv-00078 |
| | § | |
| RAY TODD BURNINGHAM, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

Pending before me is Plaintiff's Motion to Remand. Dkt. 8. Having considered the motion, the response, the reply, and the applicable law, I recommend the motion be **GRANTED**, and this case be returned to state court. The removing defendant, Highland Hay International, LLC ("HHI"), has failed to demonstrate that all properly joined and served defendants timely consented to removal.

## BACKGROUND

On June 22, 2022, Plaintiff Sage Industries (USA) Inc. ("Sage") filed a lawsuit in the 215th Judicial District Court of Harris County, Texas against Highland Hay, LLC ("HHL"), Ray Todd Burningham ("Burningham"), Will Ricks ("Ricks"), and Jared Miller ("Miller").[1] This lawsuit concerns a business deal gone bad: the alleged sale by HHL of 4,000 metric tons of hay to Sage. For diversity purposes, Sage is considered a Texas citizen;[2] Burningham, Miller, Ricks, and HHL are all Idaho citizens.[3]

Burningham and Ricks answered the Texas lawsuit. They could have removed the case to federal court on diversity grounds (with the consent of HHL

---

[1] Sage nonsuited Miller on March 3, 2023.

[2] Sage is incorporated in Texas and has its principal place of business in Texas.

[3] Burningham, Miller, and Ricks reside in Idaho; HHL's members are all Idaho residents.

and Miller), but they elected not to do so. Instead, Burningham and Ricks proceeded to defend themselves in Texas state court. Although HHL had been properly served, HHL did not make an appearance in the Texas case. As a result, Sage sought and obtained a default judgment against HHL.

On December 21, 2023, Sage filed a Supplemental Petition in the Texas litigation. In that pleading, Sage added a new defendant: HHI. Sage asserted claims against HHI for unjust enrichment and violations of the Texas Uniform Fraudulent Transfer Act. Because HHI's members are citizens of Idaho and China, HHI is treated as a citizen of Idaho and China for diversity purposes.

On December 22, 2023, before being served, HHI filed an answer in Texas state court. On January 9, 2024, HHI removed this action to federal court based on diversity jurisdiction. HHI's notice of removal asserts complete diversity of citizenship and that the amount in controversy exceeds $75,000. Sage has moved to remand, arguing that the removal is procedurally defective because none of the other defendants have timely filed their consent to removal.

## LEGAL STANDARD

A defendant may remove a case from state to federal court if the case is within the federal court's original jurisdiction. *See* 28 U.S.C. § 1441(a). Congress granted federal courts jurisdiction over two general types of cases: (1) cases that arise under federal law (federal-question jurisdiction); (2) and cases in which the amount in controversy exceeds $75,000, and there is complete diversity of citizenship among the parties (diversity jurisdiction). *See id*. §§ 1331, 1332(a). The parties agree that diversity jurisdiction exists in this case. *See id*. § 1332(a). The dispute centers on whether the removal was procedurally defective.

A defendant seeking to remove a civil case is required to file a notice of removal "in the district court of the United States for the district and division within which such action is pending." *Id*. § 1446(a). In a multi-defendant case, each

defendant has 30 days "after receipt by or service on that defendant of the initial pleading or summons" to file the notice of removal. *Id.* § 1446(b)(2)(B).⁴

To effect proper removal in a diversity case, all "properly joined and served" defendants must consent to removal. *Id.* § 1446(b)(2)(A). This is referred to as the "rule of unanimity." *Powers v. United States*, 783 F.3d 570, 576 (5th Cir. 2015). All served defendants must join or consent to removal before the expiration of the 30-day removal period. *See Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262–63 (5th Cir. 1988). If all properly joined and served defendants fail to consent within the 30-day time period, the removal is procedurally defective, and remand is required so long as the plaintiff timely moves to remand. *See id.* A motion to remand on the basis of any defect other than lack of subject matter jurisdiction must be filed within 30 days after the filing of the notice of removal. *See* 28 U.S.C. § 1447.

"The party seeking to remove bears the burden of showing that federal jurisdiction exists and that removal was proper." *Scarlott v. Nissan N. Am., Inc.*, 771 F.3d 883, 887 (5th Cir. 2014) (quotation omitted). "This burden extends not only to demonstrating a jurisdictional basis for removal, but also necessary compliance with the requirements of the removal statute." *Villasana v. Bed Bath & Beyond, Inc.*, 502 F. Supp. 2d 528, 529 (W.D. Tex. 2007) (quotation omitted). "Because removal raises significant federalism concerns, the removal statute is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand." *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) (quotation omitted); *see also Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276

---

⁴ This requirement is also not in controversy. Although Sage never served HHI, "[a]n answer in a Texas state court has the same effect as if the defendant had been served as provided by law. Formal service starts the thirty-day removal clock. Therefore, a state-court answer has the effect of starting the removal clock." *Hawkins v. Wells Fargo Bank, N.A.*, No. 3:22-cv-1918, 2022 WL 17834561, at *2 (N.D. Tex. Nov. 30, 2022). Because HHI filed its answer on December 22, 2023, it had until Monday, January 22, 2024 to file its removal papers. HHI's Notice of Removal was filed well within that time period.

F.3d 720, 723 (5th Cir. 2002) (holding that "any ambiguities are construed against removal").

## ANALYSIS

The propriety of removal in this matter hinges on whether all defendants who were properly joined and served consented to the removal of the action.

The only reference in HHI's Notice of Removal to the consent of the non-removing defendants is the following sentence: "All Defendants consent to the removal of this case." Dkt. 1 at 2. There is no evidence—affidavits, letters, or any written indication—attached to the Notice of Removal providing support for the assertion that each served defendant has consented to removal.

The Fifth Circuit has explained, in the famous footnote 11 of the *Getty Oil* opinion, that for a consent to be valid, a non-removing "defendant must do so itself." *Getty Oil*, 841 F.2d at 1262 n.11.

> This does not mean that each defendant must sign the original petition for removal, but there must be some timely filed written indication from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect and to have authority to do so, that it has actually consented to such action. Otherwise, there would be nothing on the record to "bind" the allegedly consenting defendant.

*Id.* "Courts from the Fifth Circuit have found removals defective when they have not met the requirements laid out in *Getty Oil*, and have consistently rejected representations from one party that another party consents in the removal." *Okoronkwo v. Bolen*, No. A-18-cv-00542, 2019 WL 433739, at *3 & n.1 (W.D. Tex. Feb. 2, 2019) (collecting cases); *see also Carter v. Liberty Mut. Ins. Co.*, No. SA-23-cv-00575, 2023 WL 7201153, at *3 (W.D. Tex. Sept. 25, 2023) (a statement in the notice of removal that the non-removing defendant was "in agreement with the removal of this case to Federal Court" is "insufficient to establish the required consent of all defendants to removal"); *Laxmi of Leesville LLC v. Aspen Specialty Ins. Co.*, No. 2:22-cv-02359, 2022 WL 20689726, at *2 (W.D. La. Sept. 30, 2022) ("[B]are allegations that counsel for non-removing defendants has been contacted

and consents is insufficient."); *Spoon v. Fannin Cnty. Cmty. Supervision & Corr. Dep't*, 794 F. Supp. 2d 703, 709 (E.D. Tex. 2011) ("*Getty Oil*, and footnote eleven in particular, and its progeny hold that to properly establish consent to removal, a defendant who does not sign an original notice of removal cannot rely solely on a representation of its consent from removing defendants or on any communication between the defendants not timely filed with the court."); *Goldman v. Nationwide Mut. Ins. Co.*, No. 11-1414, 2011 WL 3268853, at *3 (E.D. La. July 28, 2011) (statement in notice of removal that "all other named defendants . . . consent" did not constitute sufficient written consent from all defendants). To summarize, the law in the Fifth Circuit is well-established that a blanket statement by a removing defendant that the non-removing defendants consent to removal is insufficient, standing alone, to demonstrate that all defendants have consented to removal.

In opposing Sage's effort to remand this case to state court, HHI argues that its counsel, Wyatt Holtsclaw ("Holtsclaw"), received express authorization from the non-removing defendants (Burningham, Ricks, and HHL) to consent to the removal. Holtsclaw has submitted an affidavit in which he avers that Burningham and Ricks, the two members of HHL, "authorized [Holtsclaw] to act as the attorney for [HHL], to bind, and to consent to the removal of the non-removing parties, [HHL], Ray Todd Burningham, and Will Ricks." Dkt. 10-1 at 2. Holtsclaw further claims that he obtained that authorization before he made the statement in the Notice of Removal that "[a]ll Defendants consent to the removal of this case." Dkt. 1 at 2. In HHI's view, this evidence conclusively establishes that all the non-removing defendants in the case have consented to removal.

The problem with the Holtsclaw affidavit is that it was not filed on the court's docket until February 24, 2024. That is more than a month *after* the 30-day deadline for removal expired on January 22, 2024. This timing is fatal to HHI's removal efforts. Within the Fifth Circuit, a number of district courts "have remanded cases for lack of written consent when the nonmoving defendants submitted affidavits attesting to their consent after the 30–day period for removal

had ended." *Crowley v. Amica Mut. Ins. Co.*, No. 12-775, 2012 WL 3901629, at *3 (E.D. La. Sept. 7, 2012). Take a few examples.

In *Martinez v. Entergy Corp.*, the notice of removal simply stated that "all of the other properly joined and served defendants have consented to, and joined in, this removal." No. 04-1027, 2004 WL 2661815, at *1 (E.D. La. Nov. 19, 2004). The lawyers for the non-removing defendants submitted affidavits explaining that they had, indeed, given permission for the removing defendant's lawyer "to sign the Consent, and that he was formally acting on behalf of each when he did so." *Id.* at *3. But the district court refused to consider the affidavits because they were filed "outside the thirty-day window within which defendants had to consent to removal." *Id.*

In *Spoon*, the removing defendants represented in the notice of removal that the non-removing defendant "joins in the intended removal," relying on a letter counsel for the non-removing defendant sent shortly before the filing of the notice of removal. 794 F. Supp. 2d at 705. But the letter itself was not filed with the court until it was attached as an exhibit to a response to the motion to remand, after the 30-day removal period had passed. *See id.* This was insufficient. As the district court explained: "[I]n keeping with *Getty Oil* and its progeny, because the court was not given anything within the notice period on which to bind [the non-removing defendant] to the removal, the court finds that he failed to adequately consent to the removal." *Id.* at 709.

*Carter* is the most recent opinion standing for the proposition that any and all evidence offered to show consent to removal must be submitted prior to the expiration of the 30-day removal period. *See* 2023 WL 7201153, at *3. In that case, the notice of removal merely indicated that the non-removing defendant, Geico Insurance Agency, LLC ("Geico"), was "in agreement with the removal of this case to Federal Court." *Id.* at *2. To demonstrate that Geico had, in fact, consented to the removal, the removing defendant submitted an email from Geico's counsel clearly starting that "Geico agrees and consents to" the removal. *Id.* at *3. The

6

glitch: the email was filed "approximately one month after the 30-day deadline for removal expired." *Id.* "This late attempt to cure a defect in the Notice of Removal," wrote Judge Elizabeth S. ("Betsy") Chestney, "is insufficient." *Id.* Judge Chestney recommended the case be remanded to state court because the removing party had failed "to adequately allege or establish Geico's consent to removal." *Id.* at *4.

The same result is required here. HHI's bare allegation in the Notice of Removal that all defendants consented to removal is, without more, insufficient to show all defendants' "actual joinder in or consent to the original removal petition," as required by *Getty Oil*. 841 F.2d at 1262 n.11. HHI makes much of the fact that Holtsclaw represented Burningham and Ricks at the state court level, suggesting that it was readily apparent that Holtsclaw had authority to consent to removal on behalf of Burningham and Ricks. Even if I buy that argument, it is undisputed that there is no "timely filed written indication" that Holtsclaw also represented *HHL*, or HHL had actually consented to removal. Holtsclaw did not represent HHL at the state court level. Recall that Sage took a default judgment against HHL because HHL never appeared in that case. The Notice of Removal noticeably also does not state that Holtsclaw is representing HHL. In fact, the Notice of Removal does not mention HHL at all, failing to include it in the list of parties.

HHI has made an effort to cure this defect, but the Holtsclaw affidavit was not filed until a month *after* the 30-day time period for filing had expired. This is not a mere "hyper-technical" deficiency. "District courts have no power to overlook procedural errors relating to the notice of removal; instead, a district court must remand a case which was removed pursuant to a procedurally defective notice." *Harden v. Field Mem'l Cmty. Hosp.*, 516 F. Supp. 2d 600, 606 (S.D. Miss. 2007), *aff'd*, 265 F. App'x 405 (5th Cir. 2008). Because there is no evidence in the record that all served defendants timely consented to removal, I recommend this case be remanded to state court.[5]

---

[5] The Fifth Circuit has recognized several exceptions to the rule that all defendants must consent to removal. First, where a defendant has not been served at the time of removal,

## CONCLUSION

For the reasons explained above, I recommend that Plaintiff's Motion to Remand (Dkt. 8) be **GRANTED**.

The parties have 14 days from service of this Memorandum and Recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.

SIGNED this 23rd day of April 2024.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE

---

that defendant's consent is not necessary. *See Getty Oil*, 841 F.2d at 1262–63. Consent is also not necessary where a defendant has been improperly joined, *see Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993), or where a defendant is merely a "nominal" or "formal" party. *Farias v. Bexar Cnty. Bd. of Trs. for Mental Health Mental Retardation Servs.*, 925 F.2d 866, 871 (5th Cir. 1991). The Fifth Circuit has also recognized that "exceptional circumstances" may justify an equitable exception to the unanimous consent rule on a case-by-case basis. *Doe v. Kerwood*, 969 F.2d 165, 169 (5th Cir. 1992) ("[I]t is within the equitable power of the court to consider such exceptional circumstances on a case-by-case basis."). No exception applies here.